## HAYNES et al. v. PRIDDY.
### No. 687.

Court of Civil Appeals of Texas. Eastland.
April 18, 1930.

A. B. Haworth, of Comanche, for plaintiffs in error.

Y. W. Holmes, of Comanche, for defendant in error.

PER CURIAM.

The petition upon which the case was tried affirmatively discloses that the county court had no jurisdiction of the cause of action asserted. We are required to notice this want of jurisdiction apparent on the face of the record, and would not be authorized to consider the various questions presented. In his petition the defendant in error sought judgment against plaintiffs in error on three items, viz.: (1) $392.50 actual damages; (2) $150 exemplary damages; and (3) an injunction to restrain plaintiffs in error from thereafter damaging his lands and crops to the amount of $500. In that portion of his petition in which he sought injunctive relief he alleges, in substance, that he fears that, unless restrained, plaintiffs in error will again allow their stock to depredate upon his premises and thereby destroy the peace and comforts of his home and reduce the value of his property. The value to him of this right sought to be protected by injunction is stated in the petition in this language: "He shows that he would be damaged in the further sum of $500.00 if defendants are not so restrained."

These allegations have the effect of making this item of $500 a part of the amount in controversy, the same as the other items of damages declared upon. The sum of these three items exceeds $1,000. The county court was, therefore, without jurisdiction to hear and determine the cause.

The injunction will be dissolved, the judgment of the trial court will be reversed, and the cause remanded, to be disposed of in accordance with this opinion.